TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00135-CV







Texas Department of Public Safety, Appellant



v.



Charles V. Moore, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 95-00349, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING








 Appellant, the Texas Department of Public Safety (the "Department"), failed to
recommend appellee Charles Moore for promotion to the position of Assistant Commander of the
Criminal Intelligence Service. Moore sued under the Human Rights Act claiming reverse
discrimination and, by later amendment, under the Uniform Declaratory Judgments Act (the
"UDJA") seeking a declaration that the Department acted outside its statutory authority in filling
four high-ranking positions without examining applicants based on merit. The trial court granted
summary judgment against Moore on the discrimination claim. The trial court also granted partial
summary judgment in favor of Moore, declaring that the Department acted outside its statutory
authority in filling the four positions, and ordered those positions vacated. The Department
appeals. In its points of error, the Department challenges (1) the trial court's jurisdiction under
section 411.007 of the Texas Government Code and the UDJA; (2) the trial court's decision to
order the four positions vacated; and (3) the trial court's discretion in awarding attorney's fees. 
We will affirm the trial court's order in part and reverse in part.


BACKGROUND

 In October 1993, the Department announced a vacancy in the position of Assistant
Commander of the Criminal Intelligence Service. Commander Don Plemons, the officer charged
with making the recommendation for appointment to fill the vacancy, orally interviewed seven
candidates. Among these candidates were Charles Moore, a white male, and Enrique Garcia, an
Hispanic male. Plemons recommended Garcia, and Garcia was appointed to the position. Moore
sued in district court.

 Moore originally brought suit under the Human Rights Act claiming he was the
victim of reverse racial discrimination when he was denied promotion in favor of Garcia. (1) Moore
later amended his petition to include a declaratory judgment claim based upon the Department's
alleged failure to comply with section 411.007(b) of the Texas Government Code, which requires
that the Department make promotions or appointments based upon merit determined by
examination. See Tex. Gov't Code Ann. § 411.007(b) (West 1998). The trial court granted cross
motions for summary judgment; declaring that the Department failed to comply with all the
requirements of section 411.007(b) in promoting Garcia to Assistant Commander of the Criminal
Intelligence Service, and dismissing Moore's discrimination claim for failure to exhaust the
necessary administrative remedies. (2) Moore does not appeal the dismissal of his discrimination
claim.

 Before the trial court rendered final judgment, the Department filled the positions
of Commander of the Criminal Intelligence Service, Commander of Narcotics, and Assistant
Commander of Narcotics; also by appointment, and also, allegedly, without a competitive
examination. The trial court allowed amendment of Moore's petition to ask for declaratory relief
regarding these three additional positions. Subsequently, the trial court rendered final judgment
declaring that the Department failed to comply with the competitive examination requirements of
section 411.007(b) in hiring the four aforementioned positions, and ordered them vacated and
filled through competitive examination. The trial court also awarded Moore attorney's fees. The
Department brings this appeal.

DISCUSSION

 The Department initially challenges the trial court's jurisdiction to hear Moore's
claim. Specifically, the Department argues that section 411.007(b) only establishes norms for the
Department in promoting its employees, and fails to create any cause of action in Moore. 
Additionally, the Department contends that the UDJA likewise fails to create a cause of action in
Moore, and cannot be used as a vehicle to interpret section 411.007(b) of the Labor Code. The
determination of jurisdiction under the UDJA is a question of law. See Ainsworth v. Oil City
Brass Works, 271 S.W.2d 754, 760 (Tex. Civ. App.--Beaumont 1954, no writ). We will look
first to the jurisdiction of the trial court before deciding whether the court erred in entering its
order.


Jurisdiction and the Declaratory Judgments Act

 Enacted in 1943, the UDJA confers on Texas courts the authority to "declare rights,
status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ.
Prac. & Rem. Code Ann. § 37.003 (West 1997). The Legislature intended the UDJA to be
remedial, to settle and afford relief from uncertainty and insecurity with respect to rights, and to
be liberally construed. Tex. Civ. Prac. & Rem. Code Ann. § 37.002 (West 1997). Describing
the subject matter available for relief, the UDJA provides:


A person interested under a deed, will, written contract, or other writings
constituting a contract or whose rights, status, or other legal relations are affected
by a statute, municipal ordinance, contract, or franchise may have determined any
question of construction or validity arising under the instrument, statute, ordinance,
contract, or franchise and obtain a declaration of rights, status, or other legal
relations thereunder.



Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1998) (emphasis added).

 A suit under the UDJA is not confined to cases in which the parties have a cause
of action apart from the Act itself. Transportation Ins. Co. v. Franco, 821 S.W.2d 751, 754 (Tex.
App.--Amarillo 1992, writ denied). A declaratory judgment, however, is appropriate only if (1)
a justiciable controversy exists as to the rights and status of the parties; and (2) the controversy
will be resolved by the declaration sought. See Bonham State Bank v. Beadle, 907 S.W.2d 465,
467 (Tex. 1995) (citing Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993)); see also City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 754, (Tex. App.--Austin
1998, no pet.). A justiciable controversy is one in which a real and substantial controversy exists
involving a genuine conflict of tangible interest and not merely a theoretical dispute. See Beadle,
907 S.W.2d at 467. A justiciable controversy must be distinguished from an advisory opinion,
which is prohibited under both the Texas and federal constitutions. See Texas Air Control Bd.,
852 S.W.2d at 444. A judgment under the UDJA depends on a finding that the issues are not
hypothetical or contingent, and the questions presented must resolve an actual controversy. 
Empire Life Ins. Co. v. Moody, 584 S.W.2d 855, 858 (Tex. 1979). A justiciable controversy,
however, does not necessarily equate with a fully ripened cause of action:


It is not necessary that a person who seeks a declaration of rights under this statute
shall have incurred or caused damage or injury in a dispute over rights and
liabilities, but it has frequently been held that an action for declaratory judgment
would lie when the fact situation manifests the presence of 'ripening seeds of a
controversy.' Such appear where the claims of several parties are present and
indicative of threatened litigation in the immediate future which seems unavoidable,
even though the differences between the parties as to their legal rights have not
reached the state of an actual controversy. 



Ainsworth, 271 S.W.2d at 761.

 The crux of this appeal concerns the application of section 411.007(b) to the
advancement of personnel within the Department through appointment or promotion. In the
section entitled "Officers and Employees," section 411.007(b) provides:


Appointment or promotion of an officer or employee must be based on merit
determined by examination under commission rules that take into consideration the
applicant's age, physical condition, experience, and education. Each person who
has an application on file for a position in the department shall be given reasonable
written notice of the time and place of those examinations. 



Tex. Gov't Code Ann. § 411.007(b) (West 1998). The Department originally contends that
section 411.007(b) creates no cause of action in Moore, and, therefore, the trial court had no
jurisdiction to hear the case. The trial court received its jurisdiction from the controversy created
by the Department's application of section 411.007(b) to Moore, not from the words of the statute
itself. The UDJA provides for a declaration of rights for persons "whose rights, status, or other
legal relations are affected by a statute . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 37.004
(West 1998). Jurisdiction under the UDJA primarily depends on the nature of the controversy;
whether the controversy is merely hypothetical or rises to the justiciable level. See Empire Life
Ins., 584 S.W.2d at 858. 

 Moore's interest in being treated according to statute when applying for vacant
positions in the Department clearly implicates the UDJA's purpose of clarifying rights affected by
statute. The controversy lies not in the actions of the Department in reviewing Moore's
application for Assistant Commander of Criminal Intelligence, but in the Department's application
of its promotional rules to future appointment vacancies. The Department has already taken an
adverse stance to Moore's position by allegedly not requiring competitive examinations when
filling the initial vacancy. The Department's repetition of the same behavior in filling three
subsequent positions emphasizes the actuality of the controversy. There is clearly a justiciable
controversy sufficient to invoke the court's jurisdiction through the UDJA to clarify Moore's, and
any other applicant's, rights as they pertain to the Department's hiring procedure. Furthermore,
the trial court's declaration resolves the controversy by informing the Department that its actions
in filling Assistant Commander and Commander positions without examining applicants based on
merit falls outside its statutory authority. 

 The Department next argues that sovereign immunity shields the Department as an
agency of the state. The Department argues that the UDJA does not act to waive the State's
ordinary immunity from liability. Suits challenging an agency's action as being outside the scope
of its delegated authority are not suits against the State requiring legislative or statutory authority. 
Public Util. Comm'n v. City of Austin, 728 S.W.2d 907, 911 (Tex. App.--Austin 1987, writ ref'd
n.r.e.). Because Moore's suit under the UDJA sought a declaration that the Department acted
outside its statutory authority in appointing various high-level positions without examining
applicants based on merit, no explicit waiver by the State was necessary. Therefore, Moore's suit
was not barred by sovereign immunity. We hold the trial court had jurisdiction to hear Moore's
claim under the UDJA and overrule the Department's points of error in that regard.


The Requirement of "Merit-Based" Promotion

 We must now determine whether the trial court erred in holding that the Department
acted outside its statutory authority when filling the four vacancies. The enabling statutes of the
Department clearly provide for merit-based promotion and appointment. See Tex. Gov't Code
Ann. § 411.007(b) (West 1998). That same section further provides for a competitive examination
of some sort, and provides that all applicants "shall receive notice of the time and place of such
examinations." Id. While it is true that the statute, under the section entitled "Duties of
Director," reserves for the Director's discretion some positions to be filled by "direct
appointment," the section limits these direct appointments to chiefs of bureaus. See Tex. Gov't
Code Ann. § 411.006(6) (West 1998) (emphasis added). (3) No other positions are mentioned.

 Pursuant to section 411.004(3), the Public Safety Commission (the "Commission")
promulgated rules governing appointments and promotions. See Tex. Gov't Code § 411.004(3)
(West 1998). (4) These rules include the policy that the Department shall make all appointments
based on merit. See 37 Tex. Admin. Code § 1.21(a) (1998). In keeping with the policy of making
appointments based on merit, the rules provide that "examinations will be conducted for all
positions excepting unskilled labor, trades, and direct appointments made by the Director." 37
Tex. Admin. Code § 1.27 (1998) (emphasis added). Reading the rule in conjunction with the
statute, the rule exempts from competitive examination only unskilled labor, trades, and the chiefs
of bureaus. However, despite the language of the statute restricting directorial appointments to
bureau chiefs, and despite the Department's own rules advocating the policy of promotions based
on merit, the Department seeks in its General Manual to expand the number of director
appointments exempted from competitive examination: 


Positions of major division chief, assistant major division chief, division chief,
regional commander, commander, assistant commander, senior Ranger captain,
assistant supervisor of Rangers, Director and Assistant Director of Personnel and
of Training, other positions deemed necessary and appropriate by the Director and
positions of the Director's staff will be filled by direct appointment of the Director.



Texas Department of Public Safety General Manual, Chap. 7, § 26.04(4).

 The Department argues that the Assistant Commander and Commander positions
are exempt from competitive examination by virtue of the discretion granted the Department by
statute coupled with the listing of director appointments found in the Department's General
Manual. In the alternative, the Department argues that, should the Assistant Commander position
be subject to competitive examination, the oral interview by Commander Plemons given to
applicants should suffice. While we agree with the Department that the statute does provide
discretion to the Commission and the Department to create its own rules and to define 
examination based on merit for purposes of promotional appointments, we reject the notion that
the Assistant Commander and Commander positions are exempt, or that the oral interview could
fulfill the statutory requirement of a competitive examination. The language of the statute, and
that of the Department's own rules, clearly envisions a merit-based promotional system for all
those positions not specifically exempted as director appointments. And, according to statute and
the rules promulgated by the Commission, Assistant Commander and Commander are not
positions so exempted. Furthermore, the mere existence of section 26.04(4) in the Department's
General Manual expanding the number of exemptions beyond statutory limits both exceeds the
Department's authority and belies the Department's argument that the oral interviews given
applicants fulfilled the requirement of a competitive examination.

 Moore argues that the statute contemplates written examinations as the proper
manifestation of competitive examinations. To the extent that Moore seeks affirmation from this
Court for his position, we reject it. The Department maintains the discretion to create procedures
for competitive examinations regarding promotive appointments, provided such procedures make
a good faith effort to comply with the statutory and agency requirement of "merit-based"
promotions. The Department should bear in mind, however, that the written notice requirements
of the statute regarding a stated time and location for the competitive examination seem to mandate
some type of formalized and structured examination. (5) See Tex. Gov't Code Ann. § 411.007(b)
(West 1998).


The Injunctive Order

 The Department next contends that even if the trial court had jurisdiction to declare
that the Department failed to comply with section 411.007(b) in hiring Garcia and the others
without resort to competitive examination, the trial court had no jurisdiction, or, alternatively,
abused its discretion, in ordering the Department to vacate the four positions contested by Moore. 
We note initially that actions under the UDJA are sui generis; they are unique in that the
declarations of "rights, status and other legal relations" are not truly legal or equitable. See Cobb
v. Harrington, 190 S.W.2d 709, 713 (Tex. 1945); see also Texas Liquor Control Bd. v. Canyon
Creek Land Corp., 456 S.W.2d 891, 895 (Tex. 1970). We further note that, at the time of the
trial court's rendition of final judgment, Moore's discrimination claim had been dismissed through
summary judgment; thus the trial court's authority to act was based on the UDJA alone. Moore
argues that the UDJA allows the trial court to grant the injunctive relief requested, namely the
vacation of the four positions, as ancillary to the declaratory relief awarded. See Tex. Civ. Prac.
& Rem. Code § 37.011 (West 1998); see also Davis v. Pletcher, 727 S.W.2d 29, 35 (Tex.
App.--San Antonio 1987, writ ref'd n.r.e.). Under the facts presented here, we disagree.

 As Moore suggests, the UDJA allows for injunctive relief ancillary to a declaration
of rights in some situations: "[F]urther relief based on a declaratory judgment or decree may be
granted whenever necessary or proper. The application must be by petition to a court having
jurisdiction to grant relief." Tex. Civ. Prac. & Rem. Code. Ann. § 37.011 (West 1998). (6) This
power to grant ancillary relief is conditioned on such relief being necessary and proper. For the
following reasons, such relief in this case is inappropriate.

 Regarding Moore's original reverse discrimination claim, filing a complaint with
the Human Rights Commission and exhausting administrative remedies was a mandatory
prerequisite to filing a civil action alleging a violation of the Human Rights Act under the Texas
Labor Code. Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 488 (Tex. 1991). The
rationale for this result is that the Human Rights Act provides the exclusive remedy for alleged
discrimination in administrative agency personnel decisions. See Stinnet v. Williamson County
Sheriff's Dep't, 858 S.W.2d 573, 577 (Tex. App.--Austin 1993, writ denied). Thus, Moore's
failure to exhaust his administrative remedies was a jurisdictional bar to filing a discrimination
claim in district court, and the trial court properly granted summary judgment against Moore's
claim. Schroeder, 813 S.W.2d at 488.

 This procedural posture becomes important with regard to the trial court's award
of injunctive relief based solely on jurisdiction under the UDJA because it allows Moore to
circumvent the exclusive remedies provided for, and the purposes contained in, the Human Rights
Act. The Human Rights Act includes a provision for injunctive relief from unlawful employment
practices. See Tex. Labor Code Ann. § 21.210 (West 1996). This provision represented Moore's
exclusive injunctive remedy until his administrative remedies had been exhausted. Moore could
have sought an injunction to halt the Department from promoting Garcia and the other three
appointments had he followed the proper administrative procedures. He failed to do so. He
sought and received in district court a declaration that the Department had misinterpreted and
misapplied section 411.007(b). This declaration clarified Moore's rights and status regarding
future vacancies in the Department. However, the order by the trial court retroactively vacating
the four Assistant Commander and Commander positions rewarded Moore for failing to follow
the exclusive remedies provided for him by law. Declaratory relief creates no substantive rights. 
State v. Morales, 869 S.W.2d 941, 947 (Tex. 1994). It provides a procedural device for the
determination of controversies which are already within the jurisdiction of the court. Id. The
remedy afforded by the UDJA is additional and does not supplant any existing remedy. Cobb, 190
S.W.2d at 713; Crow v. City of Corpus Christi, 209 S.W.2d 922, 924 (Tex. 1948). Because the
exclusive remedy available to Moore regarding his reverse discrimination claim is the Human
Rights Act, which contains the right to injunctive relief, the trial court erred in vacating the
positions in the Department based solely on the ancillary injunctive power contained in the UDJA. 

 Furthermore, the trial court's order undercut the purpose of the Human Rights Act
to create a comprehensive administrative review. See Stinnet, 858 S.W.2d at 577. The Human
Rights Act was intended to embody the policies embedded in Title VII, 42 U.S.C. § 2000e et seq.,
including "administrative procedures involving informal conference, conciliation and persuasion,
as well as judicial review of administrative action." Schroeder, 813 S.W.2d at 487. Allowing
the jurisdiction created by the UDJA to circumvent the procedures and remedies provided by the
Human Rights Act could create a back door to district court not contemplated by the Legislature. 
The proper remedy for Moore is prospective. His declaratory judgment carries preclusive effect
in any future lawsuit, whether administrative or judicial, should the Department fail to offer him
notice and the opportunity for merit-based promotion as required by section 411.007(b). See
Valley Oil Co. v. City of Garland, 499 S.W.2d 333, 335 (Tex. Civ. App.--Dallas 1973, no writ). 
Thus, the retroactive injunctive relief ordered by the trial court was not "necessary and proper"
as required under the UDJA before ancillary injunctive relief could be awarded. We reverse the
trial court's order vacating the Department's appointments of Assistant Commander of Criminal
Intelligence Service, Commander of Criminal Intelligence Service, Commander of Narcotics, and
Assistant Commander of Narcotics.


Attorney's Fees

 The trial court awarded Moore attorney's fees under the UDJA. The UDJA
provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable
and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann.
§ 37.009 (West 1997). The Texas Supreme Court has expressly held that "by authorizing
declaratory judgment actions to construe the legislative enactments of governmental entities and
authorizing awards of attorney fees, the [U]DJA necessarily waives governmental immunity for
such awards." Texas Educ. Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994). The grant or
denial of attorney's fees in a declaratory judgment lies within the discretion of the trial court, and
its judgment will not be reversed on appeal absent a clear showing that it abused that discretion. 
Oake v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985).

 The Department argues that the UDJA may not be used solely as a vehicle for
attorney's fees. See HECI Exploration Co. v. Clajon Gas Co., 843 S.W.2d 622, 637 (Tex.
App.--Austin 1992, writ denied). Since we have held that the trial court had jurisdiction to
construe section 411.007(b) and that the trial court's construction of that statute favors Moore,
Moore has achieved a declaration of rights entitling him to seek the additional relief of attorney's
fees. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997). The Department's argument
fails. The Department also objects to the award of attorney's fees in the final judgment based
upon affidavits of the competing parties, claiming that the affidavits do not represent competent
evidence that the attorney's fees were reasonable and necessary. See Stewart Title Guar. Co. v.
Sterling, 822 S.W.2d 1, 10 (Tex. 1991). We refuse to hold that this procedure for determining
attorney's fees rises to the level of an abuse of discretion. We overrule the Department's point
of error regarding attorney's fees. 


CONCLUSION

 We affirm the order of the trial court declaring that the Department acted outside
its statutory duty pursuant to section 411.007(b) in filling four Assistant Commander and
Commander positions without examining applicants based on merit. We further affirm the order
of the trial court awarding attorney's fees. We reverse the order of the trial court vacating the
four Assistant Commander and Commander positions and hold that Moore's only injunctive relief
must be prospective.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed in Part; Reversed and Rendered in Part

Filed: November 30, 1998

Publish

1. The relevant statute provides:


An employer commits an unlawful employment practice if because of race, color,
disability, religion, sex, national origin, or age the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates
in any other manner against an individual in connection with compensation or the
terms, conditions, or privileges of employment; or 

(2) limits, segregates, or classifies an employee or applicant for employment in a
manner that would deprive or tend to deprive an individual of any employment
opportunity or adversely affect in any other manner the status of an employee.


Tex. Labor Code Ann. § 21.051 (West 1996).
2. An employee of the State of Texas who alleges employment discrimination must file a
complaint with the Texas Commission on Human Rights not later than the 180th day after the date
the alleged unlawful employment practice occurred. Tex. Labor Code Ann. § 21.202 (West
1996). Furthermore, any federal complaint of employment discrimination shall be filed with the
Equal Employment Opportunity Commission within 180 days; except that if the employee files
with a state agency then the employee has 300 days to file. 42 U.S.C.S. § 2000e-5(c) (1989).

 A plaintiff's failure to file a complaint and pursue administrative remedies creates a
jurisdictional bar to his claim. See Schroeder v. Texas Iron Works, 813 S.W.2d 483, 488 (Tex.
1991).
3. The relevant section of the statute provides: "The director shall: . . . appoint, with the
advice and consent of the commission, the chiefs of bureaus provided for by this chapter." Tex.
Gov't Code Ann. § 411.006(6) (West 1998)
.
4. The relevant section of the statute provides: "The commission shall . . . adopt rules
necessary for carrying out the department's work." Tex. Gov't Code Ann. § 411.004(3) (West
1998).
5. We reject, for example, the suggestion made by the Department at oral argument that an
official with the Department could discharge the Department's responsibility to offer a competitive
examination by merely examining the personnel records of the applicants.
6. Several courts, including this one, have interpreted section 37.011 of the UDJA as allowing
parties to combine a request for declaratory relief with a request for injunction. See Weaver v.
AIDS Servs. of Austin, Inc., 835 S.W.2d 798, 803 (Tex. App.--Austin 1992, writ denied) (AIDS
services group seeking declaration of rights and injunction barring protestors from interfering with
workshops); Davis, 727 S.W.2d at 35 (purchaser of real property seeking declaration interpreting
various property conveyances and injunction to halt triggering of acceleration clause).


art Title Guar. Co. v.
Sterling, 822 S.W.2d 1, 10 (Tex. 1991). We refuse to hold that this procedure for determining
attorney's fees rises to the level of an abuse of discretion. We overrule the Department's point
of error regarding attorney's fees. 


CONCLUSION

 We affirm the order of the trial court declaring that the Department acted outside
its statutory duty pursuant to section 411.007(b) in filling four Assistant Commander and
Commander positions without examining applicants based on merit. We further affirm the order
of the trial court awarding attorney's fees. We reverse the order of the trial cour