TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00119-CV






Keating V. Zeppa, In His Individual Capacity as Executor of the


Estate of Joseph Zeppa, Appellant



v.



John Sharp, Comptroller of Public Accounts; and Dan Morales,


Attorney General of the State of Texas, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 97-09797, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING 







 Appellant Keating Zeppa brings this appeal complaining that the trial court
improperly granted summary judgment in favor of appellees John Sharp, Comptroller of Public
Accounts, and Dan Morales, Attorney General of the State of Texas (collectively "Comptroller"),
on the ground that Zeppa's claims were time barred. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND



 This appeal arises out of a jeopardy assessment issued by the Comptroller against 
Zeppa in his individual capacity as executor of the estate of his father, who died in 1975. In July
1992 Zeppa received notice of taxes due by the Estate for unpaid inheritance taxes. The notice
indicated that it was a jeopardy assessment issued pursuant to section 111.022 of the Texas Tax
Code. See Tex. Tax Code Ann. § 111.022 (West 1992). Zeppa failed, within the permitted 20-day limit, to file a formal request for redetermination of the assessment as allowed by subsection
(b) of section 111.022. See Tax Code § 111.022(b). Nevertheless, from October 1992 until mid
1997, Zeppa and representatives of the Comptroller's office engaged in extensive discussions and
negotiations in an attempt to settle the jeopardy assessment by having it reduced, abated, or
possibly invalidated. These settlement negotiations ultimately proved unsuccessful.

 On August 26, 1997, Zeppa filed suit seeking a declaratory judgment that he is not
liable for the inheritance taxes and that the jeopardy assessment is void and without effect. The
Comptroller filed a motion for summary judgment asserting the affirmative defense of limitations
and requesting that the trial court dismiss the lawsuit. After a hearing, the trial court granted the
motion for summary judgment and rendered a take-nothing judgment against Zeppa.

 Zeppa presents three issues on appeal. First, he complains that the trial court
granted summary judgment on a ground not raised by any party. In regard to this issue, Zeppa
asserts that during the hearing the trial judge orally indicated that he would grant the motion for
summary judgment not based on limitations, but rather because Zeppa was not entitled to bring
an action under the Uniform Declaratory Judgments Act ("UDJA") (1) to declare the jeopardy
assessment void. Second, Zeppa asks this Court to determine that the trial court erred in
concluding that the UDJA is not the proper vehicle to bring this suit. Finally, Zeppa argues that
to the extent the summary judgment was based on limitations, it was improper because suit was
timely filed.


DISCUSSION


 The standards for reviewing a summary judgment are well established: (1) the
movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that he is entitled to judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in his favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).

 The Comptroller's motion for summary judgment relied on the affirmative defense
that Zeppa's claim was barred by limitations. Zeppa alleges that during the hearing on the motion,
the trial judge made statements indicating the summary judgment would be granted based on
Zeppa's failure to state a claim under the UDJA. As a result of these alleged statements, Zeppa
argues that this Court must overturn the judgment because the trial court had no authority to grant
summary judgment on a ground not before it. We disagree.

 The written judgment merely states that the court is granting "the Defendants'
Motion for Summary Judgment," without stating any specific basis. The motion itself asserts only
the defense of limitations. It in no way urges the trial court to adjudicate whether Zeppa can state
a claim under the UDJA. There is nothing in the record indicating that the trial court granted the
motion on any ground other than limitations.

 Even if the alleged comments were present in the record, Zeppa's argument would
still fail. Oral comments by the court during a summary judgment hearing do not substitute for
the court's formal, written judgment; it is only the court's order that counts, not the orally stated
reasons for the order. See Jampole v. Touchy, 673 S.W.2d 569, 574 (Tex. 1984); Richardson v.
Johnson & Higgins of Texas, Inc., 905 S.W.2d 9, 11 (Tex. App.--Houston [1st Dist.] 1995, writ
denied). Because the written judgment does not state any specific ground on which summary
judgment was based, we hold that the trial court did not improperly grant the motion on a ground
not raised by the parties.

 Consequently, we need not address Zeppa's second issue, namely, whether he is
entitled to use the UDJA to seek declaratory relief on a tax assessment, or whether provisions in
the Tax Code provide the sole vehicle for this remedy. Because we have concluded that the trial
court could only have based its judgment on limitations, determining the applicability of the UDJA
is not necessary to the outcome of this appeal.

 In his third issue presented, Zeppa argues that his action was timely filed, rendering
the granting of the summary judgment improper. Zeppa argues that because there is no express
limitations period for his cause of action, the applicable statute of limitations governing this case
is the general residual limitations provision. See Tex. Civ. Prac. & Rem. Code Ann. § 16.051
(West 1997). The Comptroller, on the other hand, argues that the Tax Code governs limitations
by implication, relying on sections 111.104, 111.201, and 111.051. Whether the applicable
statute of limitations is found in the Tax Code or the Civil Practices and Remedies Code, the
parties agree that the proper limitations period is four years. Thus, for purposes of this appeal,
we need not determine which of the two statutes applies, but will resolve the appeal using the
premise that the applicable period is four years.

 Since Zeppa had four years to file his claim, the controlling issue in this appeal
becomes when limitations began to run. The Comptroller argues that as of July 10, 1992, the date
of the initial notice of the jeopardy assessment, an actual controversy and justiciable claim existed
between the Comptroller and Zeppa and, consequently, limitations began to run on that date and
expired on July 10, 1996. Because Zeppa did not file suit until August 26, 1997, his claim is time
barred as a matter of law. Zeppa counters that limitations did not begin to run until "litigation was
imminent and inevitable" and that this did not occur until May 27, 1997, when the Comptroller's
final offer to settle the dispute expired. Zeppa points out that prior to this "culmination" of all
the negotiations between the parties, the case could have been resolved informally. Until the
possibility for an informal resolution was exhausted, Zeppa argues, a declaratory judgment action
was not yet proper (and limitations had not started running) because litigation was not imminent
and inevitable.

 A declaratory judgment is proper when an actual controversy, or the "ripening
seeds" of one, exists. See City of Austin v. City of Cedar Park, 953 S.W.2d 424, 430-31 (Tex.
App.--Austin 1997, no writ). As explained by this Court, the "ripening seeds" of a controversy
exist when the facts show that litigation is imminent and inevitable, rather than hypothetical or
abstract. See id.; see also Peacock v. Schroeder, 846 S.W.2d 905, 912 (Tex. App.--San Antonio
1993, no writ) (ripening seeds present when litigation threatened in immediate future seems
unavoidable); Ainsworth v. Oil City Brass Works, 271 S.W.2d 754, 760 (Tex. Civ. App.
--Beaumont 1954, no writ) (equating ripening seeds with threatened, unavoidable litigation in
immediate future).

 Zeppa interprets City of Cedar Park, Peacock, and Ainsworth as holding that a suit
for declaratory judgment is never ripe until litigation is imminent and inevitable. We disagree. 
Zeppa's analysis of these cases improperly focuses entirely on the "ripening seeds" of a
controversy, completely ignoring the initial question of whether an actual, justiciable controversy
exists. As implicitly indicated in Peacock, the general rule is that an actual controversy is a
prerequisite to the declaratory judgment process, but courts may hear a declaratory judgment in
anticipation of an actual controversy if the "ripening seeds" of a controversy are present in the
form of imminent and inevitable litigation. See Peacock, 846 S.W.2d at 912. Here, we need not
engage in a ripening-seeds analysis, because an actual controversy existed as of July 10, 1992, the
date of the notice of tax due. It was on this date that Zeppa had the right to file suit to challenge
the assessment under sections 112.051 and 112.052 of the Tax Code, and the Comptroller had the
right to file suit to collect the unpaid taxes. We find Zeppa's reliance on the terms "imminent,"
"inevitable," and "unavoidable" as used in City of Cedar Park, Peacock, and Schroeder to be
misplaced because those cases address the existence of "ripening seeds" rather than the existence
of an actual controversy.

 In order to adopt Zeppa's interpretation of the cited cases, this Court would have
to conclude that even after entry of the jeopardy assessment, no court had jurisdiction to review
whether Zeppa was liable for the unpaid inheritance tax because the parties might choose to settle
informally. This would create a new standard for determining when a declaratory judgment suit
is ripe: courts would ignore cases, such as the instant case, in which an actual, justiciable
controversy clearly exists and instead ask only if litigation in a particular case is "imminent and
inevitable." If the parties were engaged in settlement negotiations and might possibly reach an
agreement without judicial intervention, a justiciable controversy would not yet exist and the
courts would therefore lack jurisdiction. We decline to adopt such a strained reading of the case
law.

 As a final note, we address Zeppa's argument that ruling in favor of the
Comptroller on the limitations issue will motivate state agencies to use false settlement
negotiations to lead wronged parties into forestalling litigation, only to later claim that the
limitations period has run, leaving no judicial remedy. We do not agree that our holding in this
case will provide an incentive for state agencies to engage in delay and ambush tactics. Section
111.207 of the Tax Code provides for the tolling of the limitations period during the pendency of
an "administrative proceeding" for a redetermination of tax liability. See Tax Code
§ 111.207(a)(3). Thus, a party that either wishes to engage in settlement negotiations or is
improperly led into false negotiations may protect itself by requesting a formal redetermination,
during which time limitations are tolled. Zeppa simply failed to avail himself of this protection. 
We decline to hold that settlement negotiations such as those engaged in here, without more,
constitute the kind of "administrative proceeding" that tolls limitations.


CONCLUSION


 Having found each of Zeppa's issues presented on appeal to be without merit, we
affirm the trial court's summary judgment.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel*

Affirmed

Filed: December 10, 1998

Do Not Publish














* Before Lee Yeakel, former Chief Justice, Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).
1. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997).



 ripening seeds with threatened, unavoidable litigatio