Opinion Issued December 19, 2008









Opinion Issued December
19, 2008

 

 

 

 

                                                                        

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00180-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOSEPH MITCHELL BEARD, Appellant

 

V.

 

ENDEAVOR NATURAL GAS, L.P and TEPEE PETROLEUM COMPANY,
INC., Appellees

 

 



On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2007-13754

 








 



MEMORANDUM OPINION

           Joseph Beard appeals the
trial court’s declaratory judgment in favor of Endeavor Natural Gas, L.P.,
(Endeavor) and Tepee Petroleum Company, Inc. (Tepee).  The trial court granted
Endeavor and Tepee a summary judgment for declaratory relief, finding that
Endeavor had paid Beard the correct amount of natural gas royalties pursuant to
a division order recently executed by Beard.  Beard contends that (1) the trial
court erred in denying Beard’s motion to transfer venue to Smith County; (2)
Endeavor and Tepee’s declaratory judgment action was not based on a legally
viable claim; (3) the declaratory judgment action was unsustainable because it
was filed for an improper purpose, solely as a preemptive strike against Beard;
(4) the trial court erred in granting summary judgment because Endeavor failed
to present competent summary judgment; and (5) the trial court abused its
discretion in denying Beard’s request for attorney’s fees related to the
declaratory judgment action.  Endeavor and Tepee cross-appeal as to attorney’s
fees.  They contend that the trial court abused its discretion in failing to
award them attorneys fees as the prevailing parties in the declaratory judgment
action.  We conclude that (1) venue was proper in Harris County; (2) the
declaratory judgment was based on a legally viable claim; (3) the declaratory
judgment was not filed for an improper purpose; (4) Endeavor presented
competent summary judgment proof; and (5) the trial court did not abuse its
discretion in not awarding any of the parties attorney’s fees.  We therefore
affirm.

Background

Beard, an attorney and
resident of Smith County, Texas, owns a royalty interest in a natural gas well
located in Nacogdoches County.  Endeavor operates the well, and Tepee is the
revenue processor for Endeavor.  Endeavor and Tepee both operate out of Harris County.  On January 18, 2007, Beard executed a division order, which certified his
.0085612 royalty interest in the well, and delivered the division order to
Tepee.

Within 45 days, at the
beginning of March 2007, Tepee sent Beard an initial royalty check from the
well in the amount of $28,378.43, which Beard endorsed and deposited in his
local bank.  Endeavor and Tepee soon determined, however, that, due to a
clerical error, this check was drawn in an incorrect amount, resulting in
overpayment to Beard of $6,518.93.  On March 6, Tepee phoned Beard and left him
a voicemail message, informing him that Tepee had stopped payment on the
initial royalty check.  That day, Tepee also issued a replacement check in the
correct amount, which was delivered to Beard by March 9.  Also on March 6,
Beard sent a letter to Endeavor demanding that they release the stop-payment
order on the initial royalty check.  Beard further stated in his letter, “You
are requested to contact me upon receipt of this letter and state whether you
are going to comply with the above-referenced request.  If forced to file suit
for breach of contract, negligence, violation of privacy laws, and, in general,
overall incompetence, I will seek the recovery of all attorney’s fees
recoverable by law.”  Endeavor and Tepee did not release the check.  On March
7, Beard sent another letter to Endeavor and Tepee demanding that they issue
another royalty check in the original amount of $28,378.43 to him on or before
March 14.  This letter further stated, “If I am forced to file suit for an
accounting and other viable legal causes of action, I will name you [employee
of Endeavor] as an individual Defendant, right after naming Endeavor Natural
Gas, L.P. as an entity defendant.  Additionally I will name [employee of Tepee]
as an individual Defendant, right after naming Tepee Petroleum Company, Inc.,
as a corporate Defendant.”  Beard sent both letters by fax.  

Also on March 7, Beard
received a letter from Tepee apologizing for the mistake and explaining that by
a clerical error, Tepee had inadvertently computed the production payments from
April to July of 2005 twice in the total and included those extra amounts in
the initial royalty check, resulting in a difference of $6,518.93.  This letter
further states the Beard should receive a royalty check in the correct amount
by Federal Express.

Beard replied to Tepee’s
March 7 letter with another letter stating that Endeavor and Tepee had until
March 14 to reissue a royalty check in the amount of $28,378.43, and if
Endeavor and Tepee failed to do so, then Beard would sue in Nacogdoches County
“to determine what the ‘proper funds’ are in this matter.”  Beard’s letter
continues, “The difference between Tepee Petroleum’s two calculated amounts is
$6,518.93.  If Endeavor and Tepee Petroleum want to spend a year or two
embroiled in a lawsuit over that difference, then so be it.”  

On or before March 9,
Beard received the replacement check from Tepee, with “production
run/distribution data” attached.  This data showed the production from the well
from April 2005 to December 2006, and it included the calculation of Beard’s
.0085612 interest in the well.  On March 9, Beard responded to his receipt of
this check with another letter to Tepee, stating that he did not “assume or
agree that the amount of the aforementioned second check is correct” and could
not deposit the check because any such action on his part could be construed as
a ratification of the amount or waiver of his legal claims and causes of action
in the matter.  He again restated his demand for a check in the original amount
to be received by March 14, although he said he regretted offering to resolve
it for such an amount, as it had become apparent that it would cost him more
than the $6,518.93 difference to “straighten out the mess at the bank you
caused.”  On March 12, Beard returned the check to Tepee.

On March 8, 2007, during
this ongoing correspondence, Endeavor and Tepee filed suit in Harris County,
seeking a declaration that they paid Beard the correct royalty amount pursuant
to the division order executed by Beard, and seeking attorney’s fees.  On April
17, after he had been served with process, Beard again requested that Endeavor
and Tepee provide him with the specific date of first production of the well,
and to specifically explain how they calculated the royalties and provide a
full accounting.

Endeavor and Tepee moved
for summary judgment on declaratory relief and attorney’s fees.  As summary
judgment evidence, they attached the affidavit of an Endeavor employee,
explaining the royalty calculations and authenticating the other documents,
including a letter from Endeavor to Beard, indicating the date of first
production of the well, the formula for royalty calculation, and attaching the
check stubs for the sales of natural gas from the well.  Beard objected to much
of Endeavor and Tepee’s summary judgment proof.  The trial court did not rule
on Beard’s objections, granted Endeavor and Tepee’s motion for summary judgment
for declaratory relief, and denied all parties’ requests for attorney’s fees.

Venue

          Beard contends that venue
in Harris County was improper because the declaratory judgment action arose
from the division order contract received, reviewed, and signed by Beard in Smith County.  Thus, Beard contends that venue could be proper only in Smith County.  We disagree.  The division order governs the obligations of the parties, but
neither party disputes the validity of, or the obligations imposed in it. 
Instead, the parties disagree about the proper calculation of royalties.[1]

We overturn a trial court’s ruling on a
motion to transfer venue only if the trial court’s decision is an abuse of
discretion.  In re Cont’l Airlines, Inc., 988 S.W.2d 733, 735 (Tex. 1998).  In determining proper venue, the trial court’s discretion is limited by the
parties’ pleading and proof.  In re Mo. Pac. R.R. Co., 998 S.W.2d 212,
216 (Tex. 1999).  The nature of the suit must be determined solely from the
facts alleged in the plaintiff’s petition, the rights asserted, and the relief
sought.  Renwar Oil Corp. v. Lancaster, 276 S.W.2d 774, 775 (Tex. 1955).  On review, though, if any evidence in the entire record supports the venue,
then we must uphold the trial court’s determination.  Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (Vernon
2002); Bonham State Bank v. Beadle, 907 S.W.2d 465, 471 (Tex. 1995).  Actions brought under the Declaratory Judgments Act are governed by general
venue rules for civil actions.  Bonham State Bank, 907 S.W.2d at 471. 
Thus the general permissive venue statute applies here.  See Tex. Civ. Prac. & Rem. Code Ann. §
15.002 (Vernon 2002).  Section 15.002(a)(1) provides that venue is proper in a
county where “all or a substantial part of the events or omissions giving rise
to the claim occurred.”  Id.  

          Beard contends that, because he provided the trial
court with a sworn affidavit stating that he received, reviewed, signed, and
executed the division order in Smith County, thus “making” the contract in
Smith County, that venue is proper only in Smith County.  Further, Beard
contends that his receipt of royalty checks and deposit of those checks in the bank
in Smith County further contributes to Smith County venue.  Beard relies on TXO
Production Corporation v. Prickette for his contention.   See TXO Prod.
Corp v. Prickette, 653 S.W.2d 642 (Tex. App.—Waco 1983, no pet.).  In TXO,
the court held that a suit against a corporation could be maintained in the
county where the contract was “made,” that the contract in TXO was
“made” in the county where the appellees executed a division order, and thus
venue was proper in that county.  Id. at 645–46.  The execution of such
a division order, under which the controversy in TXO arose, might
constitute a substantial part of the events giving rise to the controversy and
allow for venue where the division order was executed.  But Section 15.002(a),
enacted since TXO, allows for potentially more than one county of proper
venue.  Here, the heart of the dispute is over the calculations of royalty
payments under the division order rather than the construction or validity of
the division order itself.  These calculations were undertaken by Tepee, as the
revenue processors for Endeavor, in Harris County.  Attached to their response
to Beard’s motion to transfer venue, Endeavor and Tepee filed the affidavit of
William Russ, an employee of Endeavor.  [1st Supp. CR 6–7]  Russ avers that all
revenue processing undertaken by Tepee occurred in Harris County.  The revenue
processing constitutes a substantial part of the events or omissions giving
rise to the claim.  See Highland Capital Mgmt. v. Ryder Scott, 212
S.W.3d 522, 535–36 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (holding
that reviewing and analyzing of production data and preparing of reports in a
dispute based on failure to follow SEC parameters in calculations were
sufficient to sustain venue in Harris County).  We hold that the record
reflects sufficient facts to sustain venue in Harris County, and thus the trial
court did not err in refusing to transfer venue to Smith County.

Declaratory Judgment

          Beard next contends that
the trial court erred in granting Endeavor and Tepee’s declaratory judgment
because the declaratory judgment was not based on a legally viable claim and
was filed for an improper purpose, as a “preemptive strike” against Beard.  

We review declaratory
judgments under the same standards as other judgments and decrees.  Tex. Civ. Prac. & Rem. Code Ann. §
37.010 (Vernon 2008); City of Galveston v. Giles, 902 S.W.2d 167, 170
(Tex. App.—Houston [1st Dist.] 1995, no writ).  We look to the procedure used
to resolve the issue at trial to determine the standard of review on appeal.  Giles,
902 S.W.2d at 170.   Here, because the trial court resolved the case on
competing motions for summary judgment, we review the propriety of the
declaratory judgment under summary judgment standards.  Lidawi v.
Progressive County Mut. Ins. Co., 112 S.W.3d 725, 730 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

          Our review of a summary
judgment is de novo.  Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  Under the traditional standard for summary judgment,
the movant has the burden to show that no genuine issue of material fact exists
and that judgment should be granted as a matter of law.  Tex. R. Civ. P. 166a(c); KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  We view all evidence in a light favorable to the nonmovant and indulge every
reasonable inference in the nonmovant’s favor.  Provident Life, 128
S.W.3d at 215.   When both sides move for summary judgment and the trial court
grants one motion and denies the other, we consider both motions, their
evidence, and their issues, and we may render the judgment that the trial court
should have rendered.  See CU Lloyd’s of Tex. v. Feldman, 977 S.W.2d
568, 569 (Tex. 1998).

          The purpose of the
Declaratory Judgments Act is “to settle and afford relief from uncertainty and
insecurity with respect to rights, status, and other legal relations.”  Tex. Civ. Prac. & Rem. Code Ann.
§ 37.002(b) (Vernon 2008); see Bonham State Bank, 907 S.W.2d at
467; Indian Beach Property Owners’ Ass’n v. Linden, 222 S.W.3d 682, 699
(Tex. App.—Houston [1st Dist] 2007, no pet.).  The statute is “remedial” and
“to be liberally construed.”  Id.  A declaratory judgment is appropriate
only if a justiciable controversy exists as to the rights and status of the
parties, and a declaration will resolve the controversy.  Bonham State Bank,
907 S.W.3d at 467; Fort Bend County v. Martin-Simon, 177 S.W.3d
479, 482–83 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  A trial court has
discretion to enter a declaratory judgment so long as it will serve a useful
purpose or will terminate the controversy between the parties.  Bonham State
Bank, 907 S.W.3d at 467 (citing James v. Hitchcock Independent School
Dist., 742 S.W.2d 701, 704 (Tex. App.—Houston [1st Dist.] 1987, writ
denied).

          Beard contends that
Endeavor and Tepee’s declaratory judgment action is improper because it goes
beyond a question of construction or validity of a contract and asks the court
to determine performance under the contract.  But the statute itself states
that the subjects enumerated in the Declaratory Judgments Act are not
exclusive, and the Texas Supreme Court has agreed.  See Tex. Civ. Prac. & Rem. Code Ann.
§ 37.002 (Vernon 2008); Bonham State Bank, 907 S.W.2d at 468.

In this case, a real and
justiciable controversy existed as to the parties’ rights and liabilities under
the division order.  See Martin-Simon, 177 S.W.3d at 483–84 (holding
that a justiciable controversy existed with regard to plaintiff’s liability for
taxes previously assessed because she had already paid those taxes).  Beard’s
numerous threats of suit in his “demand letters” indicated that there was ample
reason for Endeavor and Tepee to believe that a real controversy existed over
the proper amount of the royalty checks (though Beard never pursued those
demands once Endeavor filed suit).  See Ainsworth v. Oil City Brass Works, 271 S.W.2d 754, 760–61 (Tex. App.—Beaumont 1954, no writ) (holding that
an action for declaratory judgment lies when the fact situation manifests the
presence of “ripening seeds of a controversy”).

Furthermore, a
declaratory judgment can be a proper method to determine that a party performed
under a contract.  See Martin-Simon, 177 S.W.3d at 483–84 (holding that
judgment was proper to determine that plaintiff paid her taxes).  The
determination that Endeavor and Tepee had paid the correct amount under the
contract was not simply an issue of fact, as it determined Endeavor and Tepee’s
“status” under the division order.  See Indian Beach, 222 S.W.3d at 700
(holding that whether the plaintiffs’ construction of a fence was in compliance
with deed restrictions applicable to their property was not a purely factual
dispute but related to their status with regard to the fence and deed
restrictions, and was a proper subject for declaratory judgment).  

          Beard also contends that
the declaratory judgment action was improper because Endeavor and Tepee filed
against him 
“solely as a ‘preemptive strike’” to gain “favorable venue and unlawful
tactical advantage” over Beard, which is an improper use of the Declaratory
Judgments Act.  Beard relies on Abor v. Black for his contention that
filing suit to declare non-liability is improper.  Abor v. Black, 695
S.W.3d 564 (Tex. 1985).  In Abor, the Court held that a suit to
determine non-liability in a negligence claim is an improper use of the
Declaratory Judgments Act.  Id. at 566.  This rule evolves from the
notion that it is a plaintiff’s right to sue for a tort, in his choice of
venue.  Stark v. Benckenstein, 156 S.W.3d 112, 117 (Tex. App.—Beaumont
2004, pet. denied).  Abor and its holding do not apply to a contract
action.  See Trinity Universal Ins. Co. v. Sweatt, 978 S.W.2d 267, 271 (Tex. App.—Fort Worth 1998, no pet.).  In contract cases, either party may seek a judicial
declaration of rights under the contract.  Stark, 156 S.W.3d at 117
(holding that where party sought a judicial determination of validity of a
release contract, rights and legal relations of the parties under that
instrument, and full and final disposition of all claims under the instruments,
such questions were a judicial determination of rights under a contract and
were proper for declaratory relief).  The dispute here is contractual, and
Endeavor and Tepee were within their rights to file a declaratory judgment in a
court of proper venue.  We hold that the trial court did not abuse its
discretion in hearing Endeavor and Tepee’s declaratory judgment action.

 

Objections to Summary Judgment Evidence

          Beard contends that the
trial court erred in granting Endeavor and Tepee’s motion for summary judgment
because the judgment was based on incompetent summary judgment evidence. 
Relying on documentary evidence including Beard’s letters to Endeavor and
Tepee, Endeavor’s letter forwarding revenue processing information to Beard,
and the production and sale information gathered from the gas lease, Endeavor
and Tepee sought summary judgment.  Beard complains that Russ’s affidavit,
authenticating these documents, is not competent summary judgment evidence. 
Beard objected to the summary judgment proof on many grounds in the trial
court, but he failed to obtain a ruling on any of his objections.

          To constitute competent
summary judgment evidence, affidavits must be made on personal knowledge, set
forth facts as would be admissible in evidence, and show affirmatively that the
affiant is competent to testify to matters stated therein.  Tex. R. Civ. P. 166a(f).  A party must
object in writing and obtain an express or implied ruling from the trial court
to preserve for appellate review a complaint about the form of summary judgment
evidence.  Id.; Tex. R. App. P.
33.1(a)(2)(A); Grand Prairie Indep. Sch. Dist. v. Vaughan, 792
S.W.2d 944, 945 (Tex. 1990); Green v. Indus. Specialty Contractors, Inc.,
1 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist] 1999, no pet.); Rizkallah v.
Conner, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ). 
An objection to a substantive defect, such as a conclusory affidavit, may be
raised for the first time on appeal.  Green, 1 S.W.3d at 30; Rizkallah,
952 S.W.2d at 587.  A trial court’s ruling on a motion for summary judgment
does not imply a ruling on an objection to summary judgment evidence.  Delfino
v. Perry Homes, 223 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2007, no
pet.) (quoting Well Solutions v. Stafford, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.).

          Beard complains of at least
nine different defects in Russ’s affidavit.  Beard contends that Russ does not
state the capacity in which he is employed by Endeavor, does not sign the
affidavit in a representative capacity for Endeavor, and testifies about
matters performed by Tepee but does not state how he is qualified to testify on
matters involving Tepee, all of which make his testimony inadmissible hearsay. 
These are all defects in form that are waived for a lack of a ruling.  See
Rizkallah, 952 S.W.2d at 585–86 (holding that lack of personal knowledge
and lack of competence or qualifications to testify are defects in form); Wilson
v. Gen. Motors Acceptance Corp., 897 S.W.2d 818, 821–22 (Tex. App.—Houston
[1st Dist.] 1994, no writ).  Beard further contends that, because Russ fails to
state that he is the custodian of any business records or how he is otherwise
qualified to authenticate and testify about any Endeavor or Tepee documents,
the documents attached to the affidavit are all hearsay and inadmissible.  This
is also a defect in form, waived by Beard’s failure to obtain a ruling.  See
id.

          Beard further objects to
the substance of Russ’s affidavit, which may be raised for the first time on
appeal.  Specifically, Beard complains that Russ makes the conclusory
statements that Beard “has been paid the proper royalty amount” and that
Endeavor and Tepee “had at all times complied with their obligations . . . regarding
the payment of the royalties that have been made the basis of this suit.”  As
Beard identifies no other specific conclusory statements, we consider only
these two.  See Tex. R. App. P.
38.1(h) (“The brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and the record.”); Churchill
v. Mayo, 224 S.W.3d 340, 347 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied) (holding that where appellant failed to identify any specific
conclusory statements, there was nothing for the court to review).

          A conclusory statement is
one that does not provide the underlying facts to support the conclusion and is
not proper as summary judgment proof.  Rizkallah, 952 S.W.2d at 587.  First,
Beard complains that Russ’s statement that Beard has been “paid” the proper
royalty amount is unsubstantiated because Beard has not been “paid” anything,
as he returned the second royalty check that Endeavor and Tepee sent him.  Russ
explains, however, the method of royalty calculation based on the division
order and the production spreadsheets attached to the affidavit, and that Beard
was “paid” accordingly by a check that Beard admits that he received in one of
his letters attached to the affidavit.  Beard also complains of Russ’s
statement that Endeavor and Tepee had “at all times complied with their
obligations regarding the payment or royalties that have been made the basis of
this suit.”  Russ states that this conclusion is based on the documents
attached to his affidavit.  The underlying facts in the documents attached to
the affidavit showing the amount of production, the amount of Beard’s royalty
interest, and the amount that Endeavor and Tepee tendered to Beard support this
conclusion.  The statements in Russ’s affidavit that Beard’s claims are
conclusory are properly based on factual evidence provided in the summary
judgment record, and we hold that Beard’s objections do not provide a basis for
reversal of the summary judgment.  See id.; Green, 1 S.W.3d at
130. 

          Finally, Beard objects to
the letter from Endeavor to Beard dated April 19, attached to Russ’s affidavit,
which provided Beard production data and the formula for the calculation of his
royalty interest.  Beard contends that he never received the April 19 letter.  However,
the April 19 letter is not necessary to uphold the trial court’s summary
judgment in favor of Endeavor and Tepee.  Even without the April 19 letter, we
hold that sufficient evidence exists to sustain summary judgment that Endeavor
and Tepee paid Beard the proper royalty amount under the division order.  See
Rizkallah, 952 S.W.2d at 588 (holding that an affidavit that contains
statements that are incompetent as summary judgment proof may support a motion
for summary judgment if the remaining statements contain sufficient factual
information to sustain the movant’s burden of proof).

Attorney’s Fees

          Beard, Endeavor, and Tepee
all claim entitlement to attorney’s fees under the Declaratory Judgments Act. 
Beard alleges that Endeavor and Tepee improperly held Beard’s initial royalty
payment in suspense, engaged in a number of admitted mistakes and
miscalculations, unilaterally stopped payment on his initial royalty check, and
engaged him in improper and unnecessary litigation, which entitles him to be
awarded his attorney’s fees.  In their counterclaim, Endeavor and Tepee contend
that the trial court erred in failing to award them attorney’s fees because
Beard engaged them in unnecessary litigation, forced after Beard threatened
suit, despite Endeavor’s quick correction of its error in calculating the
royalty payment.

The Declaratory Judgments
Act allows a trial court to award reasonable and necessary attorney’s fees that
are equitable and just.  Tex. Civ. Prac.
& Rem. Code Ann. § 37.009 (Vernon 1997).  The Act “entrusts
attorney fee awards to the trial court’s sound discretion, subject to the
requirements that any fees awarded be reasonable and necessary, which are
matters of fact, and to the additional requirements that fees be equitable and
just, which are matters of law.”  Bocquet v. Herring, 972 S.W.2d 19, 21
(Tex. 1998).  That award of attorney’s fees is not limited to a prevailing
party, but may be given to the non-prevailing party.  Indian Beach, 222 S.W.2d at 706.  

We review an award of
attorney’s fees for an abuse of discretion.  Id.  We presume that the
trial court acted within the bounds of discretion unless the record shows the
contrary.  Hardy v. Mann Frankfort Stein & Lipp Advisors, Inc., 263
S.W.3d 232, 254 (Tex. App.—Houston [1st Dist.] 2007, pet. granted).  Here, the
trial court did not reveal the basis for the denial of attorney’s fees, and
thus we may uphold its ruling on any basis supported by the evidence.  Id.  Neither Beard nor Endeavor nor Tepee points to any evidence in the record that shows
that the trial court abused its discretion in denying their requests for
attorney’s fees.  Endeavor relies on Knighton v. International Business
Machines Corp., 856 S.W.2d 206, 210 (Tex. App.—Houston [1st
Dist.] 1993, writ denied), to contend that the trial court’s refusal to award
fees to it is an abuse of discretion.  But in that case, our court affirmed the
trial court’s decision as to competing fee requests— including the denial of
fees to both parties who sought interplead funds.  Id.  Our court observed,
“It is clear from the record that the trial court recognized that [the parties]
had legitimate rights to pursue and, therefore, each should bear its own
attorney's fees.”  Id. at 410–11.  Similarly, here, neither party points
to record evidence that shows the trial court decision is an abuse of
discretion.  Rather, Beard did not prevail, and Endeavor instituted this suit
presumably because it intended to pursue a legitimate declaration of its
rights, but a trial court in its discretion may deny fees to the prevailing
party.  Bocquet, 972 S.W.2d at 21.  We therefore affirm the trial
court’s denial of attorney’s fees.  See ANR Prod. Co. v. Am. Guar. &
Liab. Ins. Co., 981 S.W.2d 889, 892 (Tex. App.—Houston [1st Dist.] 1998, no
pet.); Robinson v. Budget Rent-A-Car Sys., Inc., 51 S.W.3d 425, 433
(Tex. App.—Houston [1st Dist.] 2001, pet. denied) (“The fact that both parties
had legitimate positions, arguments and rights to pursue, amongst other things,
contributed to the determination that the court declined to award attorney’s
fees.”).

 

Conclusion

We hold that this case
was a proper subject for a declaratory judgment action, that venue was proper
in Harris County, that Endeavor and Tepee submitted competent evidence to
support summary judgment, and that the trial court did not abuse its discretion
in denying attorney’s fees to all of the parties to the litigation.  We
therefore affirm the judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

 Panel consists of Judges Jennings,
Hanks, and Bland.

 

 

 









[1] Neither party argues that venue is proper in Nacogdoches County, where the mineral interest itself lies.  Under § 15.011 of the Texas
Civil Practice and Remedies Code, actions for recovery of real property or an
estate or interest in real property shall be brought in the county where the
real property is located.  Tex. Civ. Prac.
& Rem. Code Ann. § 15.011 (Vernon 2002).  An oil and gas lease is an
interest in real property, but this provision applies only when ownership of
the property is in dispute.  Yzaguirre v. KCS Resources, 53 S.W.3d 368,
371 (Tex. 2001).  As in Yzaguirre, the dispute here is not one over the
boundaries of the lease or the percentage of the royalty owners’ interest, thus
the mandatory venue provision does not apply.  See id.